**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

| | |
|---|---|
| KERMIT POULSON, | CV 10-100-M-DWM-JCL |
| Plaintiff, | |
| vs. | |
| WENDY, in UC BUILDING, UNIVERSITY OF MONTANA, | ORDER, and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| Defendants. | |

_____

**I.  INTRODUCTION AND *IN FORMA PAUPERIS* APPLICATION**

Plaintiff Kermit Poulson ("Poulson") has filed a Complaint together with a request to proceed *in forma pauperis*.  Poulson submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Because it appears Poulson lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that his Motion to Proceed In Forma Pauperis is **GRANTED**.  This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file the Complaint as of the filing date of Poulson's request to proceed *in forma pauperis*.

The federal statute under which leave to proceed in forma pauperis is permitted also requires the Court to conduct a preliminary screening of the allegations set forth in the Complaint.  The statute states as follows:

1

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (I) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Accordingly, the Court will review Poulson's Complaint to consider whether it can survive dismissal under these provisions. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. PLAINTIFF'S ALLEGATIONS

Poulson commenced this action following an incident which occurred on August 25, 2010, in the UC Campus Building at the University of Montana. Poulson states that an individual named Wendy "accosted" him verbally, thereby violating his "right to pursue happiness[.]" Wendy also interfered with Poulson's service dog by "yelling 'get your pet' out of the building." Poulson contends Wendy "violated Montana state code annotated to service dogs."

Poulson alleges Wendy's conduct caused him to suffer injuries.  He asserts Wendy publically humiliated him, scared his service dog, interfered with his service dog, and caused his service dog to run into a rail.  Poulson also states that Wendy's interference with his dog caused his dog to react and pull him out of his chair, and caused his dog not to obey him.  Poulson's hands got cut in the process, and he states he was emotionally upset due to Wendy's belligerence.  He contends this conduct on the part of Wendy "violated [his] constitutional freedoms."

Poulson seeks recovery of compensatory damages for his injuries.  He seeks either monetary compensation, or payment of his full tuition.  He also requests an apology for the conduct described in his Complaint.

## III.  DISCUSSION

Because Poulson is proceeding *pro se* the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).  Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

In addition to the grounds for dismissal set forth in 28 U.S.C. § 1915(e)(2) above, Poulson's Complaint must set forth sufficient allegations to invoke the jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1).[1]

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). A plaintiff bears the burden to establish jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). The federal courts are obligated to independently examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). And a district court may dismiss an action sua sponte whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

A federal court's jurisdiction is generally limited to cases involving diversity of citizenship, 28 U.S.C. § 1332, a federal question, 28 U.S.C. § 1331, or cases in which the United States is a party, 28 U.S.C. §§ 1345 and 1346. Sections

---

[1] Pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

1345 and 1346 are not applicable in this case because the United States is not a party to this action.

The Court finds there is no basis for federal question jurisdiction over this case under 28 U.S.C. § 1331.  Poulson's Complaint does not plead any cause of action arising under the United States Constitution, or the laws or treaties of the United States as required for jurisdiction under § 1331.  Instead, Poulson's allegations refer to the Montana Code Annotated, and his right to pursue happiness — a provision of the Montana Constitution.  Mont. Const. art. II, § 3.  Although he refers generically to violations of his "constitutional freedoms," he does not specify whether he is referring to the Montana Constitution, or the United States Constitution.  Even assuming his reference is to the United States Constitution, his allegations do not invoke any provision of the Constitution that was violated by the purported conduct of Wendy.  There exists no federally protected constitutional right to happiness, or to be free from being accosted, humiliated, yelled at, belligerence, or interference with his dog.  Therefore, Poulson's pleading only advances claims for relief under Montana law and the Montana Constitution.  Thus, there is no basis for federal question jurisdiction over this action.

The final alternative basis for jurisdiction over Poulson's claims lies in the diversity jurisdiction statute at 28 U.S.C. § 1332(a).  Diversity jurisdiction under § 1332(a), however, requires complete diversity of citizenship between the plaintiff and each of the defendants.  *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. V. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005).  Each plaintiff must be a citizen of a different state than each of the defendants.  *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001).

Diversity of citizenship is lacking on the face of Poulson's Complaint.  Poulson states he is a citizen of Montana, and that Wendy, the UC Campus Building, and the University of Montana are citizens of Montana.  Therefore, the existence of non-diverse citizenship in this case defeats diversity jurisdiction.

Poulson's Complaint does not provide any other basis for federal jurisdiction over this action.  Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that Poulson's Complaint be **DISMISSED** for lack of jurisdiction.

DATED this 7th day of October, 2010.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge